**Electronically Filed
Intermediate Court of Appeals
30674
28-NOV-2012
08:32 AM**

NO. 30674

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
GORDON C.Y. AU, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1465)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Defendant-Appellant Gordon C.Y. Au (Au) appeals from the Judgment of Conviction and Sentence (Judgment) filed in the Circuit Court of the First Circuit (Circuit Court).[1] Au did not file general excise tax returns or individual income tax returns for the years 2002 through 2006. With respect to these tax years, Plaintiff-Appellee State of Hawai'i (State) charged Au with five counts of wilful failure to make annual general excise tax returns (Counts I-V) and five counts of wilful failure to make annual individual income tax returns (Counts VI-X), in violation of Hawaii Revised Statutes (HRS) § 231-35 (2001).[2] A

---

[1] The Honorable Michael D. Wilson presided.

[2] HRS § 231-35 provides in relevant part:

**§231-35 Wilful failure to file return, supply information, or secure a license.** Any person required to make a return . . . required under title 14, who wilfully fails to make the return . . . , at the time or times required by law, shall in addition to other penalties provided by law, be guilty of a misdemeanor . . . .

jury found Au guilty as charged on all ten counts. The Circuit Court sentenced Au to concurrent terms of eleven months of imprisonment on each count and ordered him to pay restitution.

On appeal, Au contends that the Circuit Court erred in: (1) denying his motion to dismiss the case for lack of jurisdiction based on his claim that as a "Hawaiian National," the Circuit Court did not have jurisdiction over him; (2) denying his motion to dismiss the charges based on his claim that he was not a "person" within the meaning of HRS § 231-35, the statute under which he was charged; (3) limiting his ability to present expert testimony and documentary evidence which he claims was relevant to his purported defenses of lack of wilfulness, mistake of law, choice of law, and choice of evils; (4) refusing to instruct the jury on his purported defenses of mistake of law, choice of law, and choice of evils; and (5) utilizing an improper process to select the jury pool which he asserts resulted in a jury pool that was not representative of a fair cross-section of the community. We affirm.

I.

Au lived and worked in Honolulu as a realtor selling Hawaiʻi real estate. From 2002 through 2006, Au received income in commissions and management fees in amounts that ranged from $71,000 to $176,000. Based on the income he received, Au was required to make and file annual general excise tax returns and individual income tax returns for each of these five tax years. Au did not make and file tax returns as required.

In 2007, the State Department of Taxation (DOT) notified Au that he was delinquent in filing his annual general excise tax and income tax returns for numerous years and that an auditor had been assigned to his case. Au sent the DOT a letter in which he asserted that he was a citizen of the sovereign Kingdom of Hawaiʻi and challenged the DOT's authority to audit him. The DOT's audit revealed that Au received sufficient income to require the filing of general excise tax and income tax returns for the years 2002 through 2006.

After a jury trial, Au was convicted on all counts. The Circuit Court filed its Judgment on July 29, 2010, and Au appealed from the Judgment.

II.

We resolve the issues Au raises on appeal as follows:

1.    Au argues that the Circuit Court lacked jurisdiction over his case because he is "a Hawaiian National and not a U.S. or Hawai'i State citizen." We conclude that Au's argument lacks merit and that the Circuit Court properly denied Au's motion to dismiss the case for lack of jurisdiction, which was based on this argument. See HRS § 701-106 (1993); State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004); State v. Lorenzo, 77 Hawai'i 219, 220-22, 883 P.2d 641, 642-44 (App. 1994); see also State v. French, 77 Hawai'i 222, 228, 883 P.2d 644, 650 (App. 1994).

2.    Au contends that the term "person" as used in HRS § 231-35 does not include an individual such as himself, and therefore, he could not be charged with violating HRS § 231-35 for failing to file tax returns. We disagree. We conclude that the plain and commonly understood meaning of the term "person" includes an individual human being such as Au. Webster's Third New International Dictionary 1686 (1986) (defining "person" as an "individual human being"); Black's Law Dictionary 1257 (9th ed. 2009) (defining "person" as "[a] human being"); see State v. Aluli, 78 Hawai'i 317, 320, 893 P.2d 168, 171 (1995) (interpreting words of a statute according to their common meaning). Accordingly, the Circuit Court properly denied Au's motion to dismiss the charges, which was based on Au's argument that he was not a "person" within the meaning of HRS § 231-35.

3.    We conclude that the Circuit Court did not abuse its discretion in limiting Au's ability to introduce expert testimony and documentary evidence. Au's defense at trial was that because he believed that the Hawaiian Government had been illegally overthrown, he could not continue to support the

3

taxation laws of the United States and the State of Hawai'i. Au claimed he had a duty to stop paying State taxes because those taxes would be used to continue the occupation of the "Hawaiian Nation." In support of his defense, Au sought to present expert testimony on international law and international affairs as well as numerous documents relating to Hawaiian sovereignty.

In <u>State v. Souza</u>, 119 Hawai'i 60, 193 P.3d 1260 (App. 2008), this court construed the term "wilfully" as used in Hawai'i criminal tax offenses in accordance with the United States Supreme Court's interpretation of that term in federal criminal tax statutes. <u>Souza</u>, 119 Hawai'i at 68-70, 193 P.3d at 1268-70. In particular, we adopted the interpretation of "willfully" set forth by the United States Supreme Court in <u>Cheek v. United States</u>, 498 U.S. 192 (1991). <u>Souza</u>, 119 Hawai'i at 70, 193 P.3d at 1270. We explained that in <u>Cheek</u>,

> [t]he Court began its analysis with the general rule that ignorance of the law or mistake of law is no defense to a criminal prosecution. It noted, however, that due largely to the complexity of the tax laws, Congress carved out an exception to this general rule by making specific intent to violate the law an element of certain federal criminal tax offenses.

<u>Souza</u>, 119 Hawai'i at 69, 193 P.3d at 1269 (citations omitted).

> We further explained:

> > The Supreme Court stated that willfulness in the context of federal criminal tax statutes means "the voluntary, intentional violation of a known legal duty." In applying this definition, the Court held that a defendant's claim that because of a misunderstanding of the tax laws, he had a good-faith belief that he was not violating the tax laws, if believed by the jury, would negate willfulness. . . .

> > The Court, however, distinguished a defendant's claim that he misunderstood his legal duties under the tax laws from a claim that the tax laws are unconstitutional and thus need not be followed. The Court concluded that claims that the tax laws are unconstitutional are submissions of a different order. This is because such claims reveal the defendant's full knowledge of the tax laws at issue and the legal duties imposed, but a decision not to comply with the laws based on a belief that they are invalid. The Court held that a defendant's views about the constitutionality or validity of the tax statutes do not serve to negate willfulness and need not be admitted at trial.

<u>Id.</u> (citations omitted).

4

Under <u>Souza</u> and <u>Cheek</u>, only a mistake of law or a good faith belief based on an honest misunderstanding of the requirements of the tax laws would serve to negate willfulness. <u>Id.</u> A belief that the tax laws are "unconstitutional, invalid, or unenforceable" would not be relevant to show a lack of wilfulness. <u>Id.</u> at 72, 193 P.3d at 1272.

Here, Au did not claim that he misunderstood the requirements of the tax laws or in good faith believed that the tax laws did not require him to file tax returns. Instead, he contended that the tax laws were "inappropriate" and that he chose to stop paying taxes because he did not want to contribute money "to my occupiers." In other words, Au's asserted mistake of law or good faith belief was not based on a misunderstanding of the tax laws, which is essential to the wilfulness inquiry. Au's purported defense did not serve to negate wilfulness, and the expert testimony and documentary evidence he sought to introduce in support of this defense, which Au characterized as encompassing lack of wilfulness, mistake of law, choice of law, and choice of evils, was irrelevant and properly excluded by the Circuit Court. <u>See</u> <u>id.</u> at 69-72, 193 P.3d at 1269-72.[3/]

4. Au contends that the Circuit Court erred in refusing to instruct the jury on his purported defenses of mistake of law, choice of law, and choice of evils. However, Au fails to present any argument to support this point of error, and we therefore deem this point to have been waived. <u>See</u> Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7) (2010) ("Points not argued may be deemed waived."); <u>Hawaii Ventures, LLC v. Otaka, Inc.</u>, 114 Hawai'i 438, 478-79, 164 P.3d 696, 736-37 (2007) ("[A]n appellate court is not obliged to address matters for

---

[3/] In addition, on appeal, Au did not present any argument or explanation regarding the elements of his purported choice of law and choice of evils defenses, or how those purported defenses applied to his case. He thus waived any claim that the Circuit Court erred in excluding evidence related to those purported defenses. <u>See</u> Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(7) (2010); <u>Hawaii Ventures, LLC v. Otaka, Inc.</u>, 114 Hawai'i 438, 478-79, 164 P.3d 696, 736-37 (2007).

which the appellant has failed to present discernable arguments."). In addition, as previously noted, Au did not have a valid mistake of law defense, and he did not present any evidence to support a valid mistake of law defense.

5.    We reject Au's claim that the process used to select the jury pool was improper and did not result in a jury pool that represented a fair cross-section of the community. Au provides no valid authority to support his claim, and we agree with the State that Au failed to show that the process used to select the jury pool was improper.

III.

We affirm the Judgment of the Circuit Court.

DATED: Honolulu, Hawai'i, November 28, 2012.

On the briefs:

Pōkā Laenui
aka Hayden F. Burgess
for Defendant-Appellant

Janine R. Udui
Deputy Attorney General
Department of the Attorney General
State of Hawai'i
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge